[No. 16447.   Department Two.   April 11, 1922.]

C. T. STAGER, *Appellant,* v. BURBANK COMPANY *et al.,* *Respondents.*[1]

FRAUD (22)—MISREPRESENTATIONS—EVIDENCE—SUFFICIENCY. The purchaser of arid land to be irrigated and the water rights, through false representation as to the situation of the land, is entitled to recover his damages, where the land could not be irrigated by gravity flow from the canal.

Appeal from a judgment of the superior court for Walla Walla county, McCroskey, J., entered December 17, 1920, in favor of the defendants, dismissing an action for fraud, tried to the court. Reversed.

*Chas. W. Johnson,* for appellant.

*Sharpstein, Smith & Sharpstein,* for respondents.

[1]Reported in 205 Pac. 853.

HOVEY, J.—Appellant sues for damages for fraud arising from the purchase of forty acres of land, and for the cancellation of certain notes and a mortgage given to secure the payment of a portion of the purchase price of the land and the purchase price of a water right.

Appellant resided in the state of Iowa and was one of a party of land purchasers who dealt with Daniel Hayes Company, a corporation with offices in Chicago, but operating in this state. The Burbank Company, of which respondent Pingry is now receiver, owned an irrigation project in the county of Walla Walla, and it entered into an arrangement with Hayes Company to make sales of the land and water rights within the project. The Hayes Company undertook to operate the land which they persuaded the purchasers to buy, for a period of five years, under a division of profits and sharing of expenses, and obtained from the purchaser in this case a cash payment of $1,000 on account of the first year's operation. In January, 1918, an agent for Hayes Company brought the appellant, with other purchasers, to the city of Walla Walla, and while appellant was there he inspected the land and obtained his deed for forty acres of land, the purchase price of which was to be $4,000. Of this sum he paid $2,000 in cash. Appellant also entered into a contract for the purchase of water in a total sum of $3,250, and for this sum, added to the $2,000 unpaid on the land purchased, appellant gave notes secured by a mortgage upon the land. Appellant returned to Iowa and did not attempt to do anything with the land until April, 1919.

In the fall of 1918, Pingry, who was then an officer in the Burbank Company, discovered that there was a good deal of dissatisfaction with the contracts Hayes

Company had made, and went east and secured a refund from Hayes Company of the $1,000 which appellant had advanced to them, and at that time offered to take back the land and return appellant the money which he had paid and cancel his obligation, but appellant said that he wished to go through with the deal.

The grounds of recovery are that the land was very rocky and unsuitable for the farming purposes represented, and that it is too high to receive water by gravity flow from the canal of the company. The trial court dismissed the action.

So far as the misrepresentations as to the character of the land are involved, we agree with the trial court that the appellant would not be entitled to recover. We cannot accept the view, however, that the situation of the land with reference to its water supply should leave appellant without remedy. The great weight of the evidence is to the effect that the land cannot be irrigated by gravity flow from the canal, and that appellant had no knowledge of this fact, nor anything to put him upon inquiry, until shortly before he brought this action. In an irrigated district the water supply is the most important feature to be considered. The testimony shows, without conflict, that the land without the water supply is worth from $15 to $25 per acre, while the purchase price, exclusive of the sum to be paid for the water right, was $100 per acre. Giving the testimony in favor of the respondents the most liberal interpretation, we think appellant established a right of recovery for the sum of $1,000 which he paid in cash, over and above $1,000 which he admits to be the value of the land without the water right, and for the cancellation of his obligations, or for judgment for the amount thereof in case surrender is not secured.

It appears from the testimony that the property of

respondent is being taken over by an irrigation district, and for the purpose of clearing the record the judgment should cancel the water contract made by the Burbank Company with the appellant, upon the cancellation of the obligations given therefor.

The cause is reversed for proceedings consistent with this opinion.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.